## BRAKEMAN KILLED BY CAR BEING THROWN FROM THE TRACK.

[Circuit Court of Licking County.]

ANDREW BEARD, ADMINISTRATOR, v. TOLEDO & OHIO CENTRAL
RAILWAY CO.*

Decided, March Term, 1901.

*Negligence—Heavy Stone Jolted from Car While in Motion—Causing
Death of Brakeman—Necessary Proof to Establish Liability on the
Part of the Company—Charge of Court.*

A flat car loaded with stone weighing 600 or 800 pounds each was
taken into a train, and by reason of the jolting of the car while
running at a high rate of speed one of the stone fell off, throwing
the car behind it, upon which the brakeman B was riding, from the
track, causing his death.

*Held:* That in the absence of proof tending to establish (1) that the
car was loaded in an improper or negligent manner, and (2) that
the company had or should have had knowledge thereof, (3) and
that the intestate did not have such knowledge, the trial court
properly instructed the jury to return a verdict for the defendant.

VOORHEES, J.; DOUGLASS, J., and DONAHUE, J., concur.

This action is for damages in causing the death of plaintiff's
intestate, Henry Wesley, on June 7, 1893. At the time of his
death said Henry Wesley was in the employ of defendant
company as a brakeman on one of its freight trains. The acci-
dent occurred in this county. The grounds of recovery are:

First. That the conductor in charge of the train negligently
took on and attached to said train two flat cars, which were
negligently and carelessly loaded with stone; that the loading of
the said cars with said stone was done in a careless and negli-
gent manner.

Second. That said cars were defective in attachments, in that
neither of them was provided with end boards, or side boards,
and were not provided with the proper standards along the
edges of the platforms of said cars. That there were no means
provided or used to prevent said stone from sliding or jolting
off from said cars.

---

* Affirmed by the Supreme Court without report, November 20, 1901.

Third. That the defendant and said conductor negligently and carelessly took on and attached said cars, so defective and loaded as aforesaid, to said train, and negligently used and operated said cars in said train from a station called Fulton on said road in a southerly direction; and while so operated, and by reason of the high, careless and negligent rate of speed between the stations of Hartford and Johnstown, said stone were carelessly and negligently jolted from said car, and falling on the track, the car on which the decedent was riding was thrown from the track, causing his death.

Fourth. That said Wesley did not know of said defect in said cars, and did not know and was ignorant of the defective and negligent manner in which said cars were loaded.

The petition then sets forth the next of kin of the deceased, and prays judgment.

The defendant company answers by denying carelessness on the part of said company and said conductor, and avers that the death of Wesley was caused by his own carelessness.

The cause was tried, and, at the close of plaintiff's testimony, the court directed a verdict for the defendant; and this is the error assigned and complained of in this court.

The questions of defect in the cars and their appliances are eliminated from the case by reason of the former holding of the circuit court, which was affirmed by the Supreme Court, wherein this court held that this case does not fall within the purview of Section 2 of the act of April 2, 1890 (87 O. L., 149); that the use of such a flat car is not the use of a defective car or one with defective appliances within the meaning of the statute. *Toledo & O. Cent. Ry. Co.* v. *Beard*, 20 C. C., 682 (affirmed by the Supreme Court without report, December 13, 1898, *Beard* v. *Railway Co.*, 59 Ohio St., 615).

The question here presented is upon the issue of carelessness; that these cars were negligently loaded with the stone and placed in the train on which the deceased was a brakeman; and, by reason of the careless manner in which the stone were placed upon the cars, and the condition of the cars, in not being properly protected in the loading, that the negligence of the company resulted in the death of plaintiff's intestate. The contention

is that the defendant company was negligent in taking these cars into the train, loaded in this manner, that is, that there were no guards at the ends of the cars, nor at the sides, and the train, running at a high rate of speed, jolted or jarred the stone so that one, at least, dropped upon the track, throwing the car off that the deceased was on, and properly on, causing his death.

We will consider whether the plaintiff has made out a case showing that the company was negligent, and that he was without fault, and, by reason of the negligence of the company, it being the proximate cause of his death, the company would be liable. It would be necessary then for the plaintiff to show:

1. Knowledge on the part of the company. That is, that the company had knowledge of this defect, or negligence with which it is charged, in the loading of the stone upon the car.

2. That the plaintiff's intestate did not know; and that this negligence was the proximate cause of his death.

Taking that view of the case then, how stands the record, or evidence, as to establishing affirmatively these two propositions, which it would be necessary for the plaintiff to establish in order that the company would be liable? We have carefully examined the record. We regard this as an important case, and one that calls upon the court to give the record a careful examination as to whether or not the court, in taking it from the jury, was warranted and justified in so doing on the ground that there was no evidence in the record that could call upon the court to submit the question of negligence as a question of fact for the determination of the jury.

As to the first proposition: As to the knowledge of the company of the condition of the car that is complained of, there is no evidence in the record to show that the company, or any of its authorized agents, had anything to do with the loading of the car. The car was taken into the train, but there is no evidence that the conductor knew of the condition of this car, as to how it was loaded with these stones. The proof tends to show that they were heavy stone, weighing perhaps from six to eight hundred pounds; and the proof tends to show that, with stone of that character and that size, it is the customary way, and the

ordinary way, to load them without having these end boards or standards to prevent them from sliding or jolting from the car.

It devolved upon the plaintiff to establish the proposition that the company was negligent in that regard; that they were guilty of negligence in the loading of the car, or receiving it into the train; that it was loaded under their direction, and in such a way that they would be responsible for it. As we have remarked, there is no evidence that we have been able to find that even tends to show any knowledge on the part of the company.

As to the second proposition: It is not only necessary for the plaintiff to show that there was negligence on the part of the company in this regard, but that he was without fault; or, in other words, that he had no knowledge of the condition of these cars, and how they were loaded. There is no evidence whatever in the record as to whether he knew it or not; and, therefore, he having the burden on him to show that he did not know, and it standing without evidence, he would fail in the second proposition, or the second branch of the case, which it was necessary for him to establish before he could recover.

This is the situation as the case presents itself without the aid of the statute; and, as we have already observed, the Supreme Court has taken this case out of the provisions of the statute.

But, suppose the case comes within the statute, how does it stand upon the record? Considering the case as one coming within its provisions, the contention of plaintiff in error is that, from additional evidence brought into the record since the first trial, this court will be justified in holding from this additional proof that the case comes within the rule prescribed by the statute.

In the case of *Hesse* v. *Railroad Co.*, 58 Ohio St., 167, the effect of the statute and its office in an action of this character is clearly defined. Judge Shauck, on page 170, says:

"The act by its terms affects the rules of evidence.

"It does not affect the duty of the employe, nor the rules of pleading with respect to it  In the cases to which it applies it raises against the corporation a *prima facie* presumption of neg-ligence from evidence showing that the employe received an injury by reason of a defect in the car or locomotive, or the machinery or attachments thereto belonging. In *Coal & Car Co.*

v. *Norman*, 49 Ohio St., 598, 607, the general rule governing cases of this character is stated:

" 'The servant in order to recover for defects in appliances, must establish three propositions: 1. That the appliance was defective.   2. That the master had or should have had notice thereof.   3. That the servant did not know of the defect.' "

When we get a proper construction of the statute and its true office, it affects the rule of evidence, but it does not change the necessity of the party alleging and proving these three propositions that are here stated.   Judge Shauck further says:

"The force of the statute under consideration is wholly expended in relieving the servant of the duty of establishing the second of these propositions, namely: That the master had or should have had notice thereof."

That would be the only change that there would be, and the only burden that the plaintiff in this action would be relieved from, if this were a case of a defective car—defective machinery —bringing the case within the provisions of the statute.   His duty with respect to the first and third remains wholly unaffected, viz, that the appliance was defective, and third, that the servant did not know of the defect.   If the plaintiff fails to establish either one of these propositions, the action can not be maintained.

In this record there is no evidence whatever that the company knew of the condition, or that there was any defect in the loading of these cars.   Therefore, there are two essential facts that the plaintiff in this action must establish before he can recover, viz., that there was this defect or this negligence in the loading of the car and the company had knowledge of it; and the deceased did not know of its condition.

The plaintiff must affirmatively establish these facts, either by circumstances, or by direct evidence, or the record must show that there was evidence tending to establish these two propositions, to warrant the submitting of the issue to a jury.

Where there is no evidence tending to establish these facts, then the court has nothing to submit to the jury.   If there had been some evidence, or the testimony was conflicting, the facts uncertain or the proper inference to be drawn therefrom

doubtful, then it would be error for the court to withdraw the case from the jury, or direct them to return a particular verdict.

But these essential facts or propositions the plaintiff failed to establish, either with or without the aid of the statute; and the question of negligence being one of law, it was the duty of the court to take it from the jury. Therefore the court did not err when the plaintiff rested his case in saying to the jury that they should return a verdict for the defendant.

Judgment affirmed.

*S. M. Hunter and Flory & Flory*, for plaintiff in error.

*Kibler & Kibler*, for defendant in error.